NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3479
_____

UNITED STATES OF AMERICA

v.

HAROLD SIDNEY BRUNSON
a/k/a SID, a/k/a SHAWN JOHNSON

Harold Sidney Brunson,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00625-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2013

Before:  RENDELL, AMBRO and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: March 21, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Defendant Harold Brunson was charged in a 14-count indictment with committing

seven armed robberies.  Counts 13 and 14, which related to the seventh robbery, were

1

severed and tried first, and Brunson was convicted on these two counts. The District Court thereafter admitted evidence of this robbery at Brunson's trial for the remaining six robberies. Brunson appeals both the District Court's admission of this evidence and its decision to try Counts 1-12 in a single trial. In addition, Brunson contends that his conviction should be overturned because of prosecutorial misconduct. For the reasons discussed below, we will affirm.

I.

Because we write solely for the parties, we recount only those facts essential to our decision. All seven of the armed robberies Brunson was charged with committing bore several similarities. Three of the robberies were committed in August 2006, and four were committed in August 2007. All of the robberies occurred at small businesses in the same area of Northeast Philadelphia. All seven were committed by two men. Most of the victims described one man as taller with dark skin, and the other (Brunson) as shorter with comparatively lighter skin. Finally, in six of the seven robberies, both men brandished guns. One of the guns was consistently described as a small, silver handgun, and the other gun was described as a larger, black handgun.

For each robbery, Brunson was charged with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Appendix[1] 42.) The District Court severed the counts by robbery and held that in proving each robbery,

_____

[1] This opinion will refer to the Appendix as "A.", and the Supplemental Appendix as "S.A."

2

the government could not use evidence of the other six robberies. The Court then presided over two trials. The first trial was for the seventh robbery, and the second trial was for the fifth. Both resulted in convictions. Brunson, however, was granted a new trial for the fifth robbery, and as discussed *infra*, that robbery was ultimately tried with robberies 1-4 and 6.

The District Court's jury instructions in the second trial failed to articulate each element of the charged offenses. As a result, the government requested a writ of mandamus to direct the District Court to provide correct instructions in future trials. This Court granted the writ. In addition, it directed that the case be reassigned and that the newly assigned judge revisit the previous Court's evidentiary rulings and decision to sever the cases. *United States v. Brunson*, 416 F. App'x. 212 (3d Cir. 2011).

As directed, the case was reassigned. Brunson then filed a motion for a new trial for the fifth robbery, which the District Court granted. In addition, the government filed a motion *in limine* requesting that all of the remaining counts be tried in one case and that in that trial, the Court admit evidence of the seventh robbery. The District Court granted the government's motion, explaining that based on its review of the record, there was no unfair prejudice to the Defendant in trying all of the offenses in a single trial. The District Court admitted evidence of the seventh robbery under Federal Rule of Evidence 404(b), reasoning that the evidence was relevant and for a proper evidentiary purpose, as Brunson's participation in the seventh robbery served as proof of his identity and a common plan. Finally, the District Court admitted evidence of Brunson's gun possession as evidence "intrinsic" to the 18 U.S.C. § 924(c) offenses. Brunson now appeals.

3

## II.[2]

### a. *Severance*

Brunson contends that it was error for the District Court to try all of his offenses in a single trial because the jury was unable to compartmentalize the different robberies due to the complexity of the case.

This Court reviews a district court's denial of a motion for severance for abuse of discretion. *United States v. Hart*, 273 F.3d 363, 369 (3d Cir. 2001). A district court should grant severance only if there is a serious risk that a joint trial would compromise a defendant's trial rights or prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005). Defendants face a "heavy burden" in establishing an abuse of discretion—they must prove a "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). Mere allegations of prejudice are insufficient, and "defendants are not entitled to severance simply because they have a better chance of acquittal in separate trials." *Urban*, 404 F.3d at 775 (internal quotation marks and citation omitted).

Brunson does not meet this burden. Contrary to his assertion, nothing about this case was complex—it involved six straightforward armed robbery charges. Moreover, the District Court expressly instructed the jury to compartmentalize the evidence, explaining "[t]he number of the offenses charged is not any evidence of guilt, and should

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

4

not influence your decision in any way.  You must separately consider the evidence that related to each offense, and you must return a separate verdict for each offense."  (A. 1135.)  We presume that the "jury follows such instructions and regard such instructions as persuasive evidence that refusals to sever did not prejudice the defendant."  *Urban*, 404 F.3d at 776 (internal citations omitted).  As such, we find no abuse of discretion in the District Court's decision not to sever Brunson's offenses and will affirm this aspect of the District Court's order.

### b. *Evidence of Wrongful Acts*

This Court reviews a district court's decision to admit evidence for abuse of discretion.  *United States v. Shavers*, 693 F.3d 363, 389 (3d Cir. 2012).  Evidence of other wrongful acts may be admitted as either "intrinsic" or "extrinsic" to the charged offense.  *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010).  Intrinsic evidence includes (1) evidence that directly proves the charged offense and (2) uncharged acts performed contemporaneously with the charged crime if the acts facilitated the commission of the charged crime.  *Id*. at 248-49.  Intrinsic evidence does not need to be analyzed under Federal Rule of Evidence 404(b).  *Id*. at 245.

By contrast, extrinsic evidence must be analyzed under Rule 404(b).  To be admissible under Rule 404(b), the prosecutor must provide reasonable notice of the evidence he intends to offer at trial, and the evidence must (1) have a proper evidentiary purpose, (2) be relevant, (3) satisfy Federal Rule of Evidence 403, and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it.  *Id*. at 249.

5

Here, the District Court concluded that evidence of Brunson's seventh robbery was extrinsic to the charged offenses and admitted it under Rule 404(b), explaining that Brunson's participation in the robbery served as proof of his identity and a common plan. (S.A. 2-4.)  By contrast, the District Court determined that evidence of Brunson's gun possession was intrinsic to the 18 U.S.C. § 924(c) offenses and admitted the evidence on that basis.  (S.A. 2-3.)  Brunson only challenges the District Court's Rule 404(b) analysis. The thrust of Brunson's argument is that the robberies were not similar, and thus, evidence of his seventh robbery and gun possession was nothing more than propensity evidence.  Brunson also asserts that the prejudicial impact of the evidence outweighs its probative value and that the District Court's limiting instructions were deficient.

We have reviewed the record and the District Court's well-reasoned opinion and conclude that the District Court did not abuse its discretion in admitting evidence of the seventh robbery or Brunson's gun possession.  We find no merit to Brunson's contention that the robberies were not similar and thus agree that evidence of the seventh robbery served as proof of Brunson's identity and a common plan.  Moreover, the District Court explicitly instructed the jury—both when the evidence was introduced (A. 423-34) and at the conclusion of trial (A. 1151-52)—not to consider the seventh robbery as evidence of Brunson's propensity to commit other crimes, thus mitigating any prejudice.  Finally, we agree with the District Court that evidence of Brunson's gun possession was intrinsic to the 18 U.S.C. § 924(c) charges, as § 924(c) requires the government to prove that Brunson possessed a firearm.  *See Gov't of Virgin Islands v. Joseph*, 685 F.2d 857, 860 (3d Cir. 1982) (admitting witness testimony that witness had seen defendant with a gun to

6

prove defendant's opportunity to commit armed robbery). As such, we will affirm this aspect of the District Court's order.

### c. *Prosecutorial Misconduct*

Brunson argues that his conviction must be reversed because the prosecutor engaged in misconduct by making inflammatory and inappropriate statements in his closing remarks. Specifically, Brunson contends that the government referred to Brunson as a liar, vouched for its witnesses' credibility, and made statements not supported by the record. Brunson did not raise these objections at trial and thus must demonstrate that admission of these statements constituted clear error. *United States v. Moore*, 375 F.3d 259, 263 (3d Cir. 2004). We have reviewed the prosecutor's closing statement in its entirety, paying particular attention to Defendant's citations, and find that under either an abuse of discretion or plain error standard, there is no merit to Defendant's claim. Thus, we will deny Defendant's request for a new trial.

### III.

For the foregoing reasons, we will affirm the order of the District Court and Brunson's conviction.